UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT C. HUMES,

        Plaintiff,                           Civ. No. 13-10385

        v.                                Hon. Terrence G. Berg
                                             Hon. R. Steven Whalen

LOCAL UNION 58 I.B.E.W., and
ELECTRICAL WORKERS' PENSION TRUST
FUND OF LOCAL UNION #58, I.B.E.W.,
DETROIT, MICHIGAN,
Jointly and severally,

        Defendants.

_____/


**ORDER GRANTING DEFENDANT ELECTRICAL WORKER'S PENSION
TRUST FUND OF LOCAL UNION #58, I.B.E.W. DETROIT, MICHIGAN'S
<u>MOTION TO STRIKE PLAINTIFF'S JURY DEMAND</u>**

Plaintiff's Complaint, filed on January 30, 2013, included a demand for a trial by jury. On February 26, 2013, Defendant filed its Answer and a Motion to Strike Plaintiff's Jury Demand. Plaintiff has failed to file a written response to Defendant's Motion to Strike Plaintiff's Jury Demand. Defendant's motion is therefore unopposed.

Under the Local Rules for the Eastern District of Michigan, a party wishing to oppose a motion must respond with 14 days of receiving service. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(2)(B) ("[a] response to a nondispositive motion must be filed within 14 days after service of the motion"). "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v.*

*United States Attorney General's Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008) (quoting *Scott v. State of Tennessee*, No. 88–6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989)). Plaintiff has waived opposition to this motion by failing to respond.

Notwithstanding Plaintiff's failure to oppose the motion to strike jury demand, Defendant's argument in support of the motion to strike is well-taken: This case is an appeal from a denial of pension benefits, brought under the Employee Retirement Income Security Act of 1974, as amended, hereinafter "ERISA", 29 USC §1001, *et seq.* The Sixth Circuit Court of Appeals does not allow jury trials for appeals from ERISA claim denials, such as in the instant case. The Court views the appeal as one from the denial of benefits, which is equitable in nature. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998); *see also Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990) (holding that an ERISA claim is equitable in nature and therefore is not eligible for a jury trial); *Daniel v. Eaton Corp.,* 839 F.2d 263, 268 (6th Cir. 1988); *Crews v. Central States, Southeast and Southwest Areas Pension Fund,* 788 F.2d 332, 338 (6th Cir. 1986).

Accordingly, Defendant's Motion to Strike Plaintiff's Jury Demand is hereby granted.

SO ORDERED.


Dated: March 22, 2013

s/Terrence G. Berg\
Terrence G. Berg\
United States District Judge

3

## Certificate of Service

I hereby certify that this Notice was electronically filed, and the parties and/or counsel of
record were served.


By:     s/A. Chubb
        Case Manager
        Dated: March 13, 2013


Dated: March 22, 2013