UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT C. HUMES,

        Plaintiff,

                                       Case No. 13-10385

    v.                                 Hon. Terrence G. Berg

ELECTRICAL WORKERS' PENSION
TRUST FUND OF LOCAL UNION #58,
I.B.E.W., DETROIT, MICHIGAN,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM ORDER
(DKT. 33) AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES (DKT. 31)**

This matter is before the Court on Defendant Pension Fund's ("Defendant's")

motion for relief from order (Dkt. 33) and Plaintiff Robert C. Humes' ("Plaintiff's")

motion for attorneys' fees (Dkt. 31).  The parties have fully briefed these motions.

Pursuant to E.D. of Mich. L.R. 7.2(f)(2), this Court took these motions under

advisement without oral argument.  *(See* Dkt. 32; Dkt. 34).  For the reasons set

forth below, this Court **DENIES** Defendant's motion for relief from order and

**GRANTS** Plaintiff's motion for attorneys' fees.

### I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 1, 2013, Plaintiff appealed Defendant's decision denying him

pension credit for work he claimed to have performed for French Electric in 1985.

---

[1] A full review of the pertinent facts can be found in this Court's order granting Plaintiff's motion for summary judgment-in-part and denying Defendant's motion for summary judgment.  *(See* Dkt. 29).

(Dkt. 1).  On November 12, 2013, Plaintiff filed a motion for summary judgment alleging that Defendant's denial was arbitrary and capricious as well as partially the result of a conflict of interest.  (Dkt. 24).  On the same day, Defendant submitted its motion for summary judgment asking this Court to affirm its denial of Plaintiff's claim.  (Dkt. 25).

On July 16, 2014, this Court (1) granted-in-part Plaintiff's motion for summary judgment; (2) remanded the case to Defendant to provide a full and fair review of Plaintiff's claim; and (3) denied Defendant's motion for summary judgment.  (Dkt. 29).  In denying Defendant's motion, this Court emphasized the role of the Plan Administrator who presented the case to Defendant in a manner that selectively summarized the evidence.  (*Id.* at p. 7-8.)  Further, this Court found that the Plan Administrator rejected Plaintiff's contrary evidence without explanation and proceeded with an "unwavering assumption that the Plan's contribution records were correct, interpreting all evidence as being consistent with those records and discounting any alternative explanations…" (*Id.*)

This Court also gave some weight to Plaintiff's position that Defendant operated under a conflict of interest as the funder and administrator of the benefit plan.  (*Id.* at p. 8.)  However, the Court noted that the conflict of interest was not determinative.  Rather, the Court focused on the conduct of the Plan Administrator, concluding that the process afforded was "not consistent with a disinterested, objective, and impartial administration of the claim." (*Id.*)

2

Based on this record, the Court held that Defendant abused its discretion, even under the deferential arbitrary and capricious standard of review. (*Id.* at p. 9) Accordingly, the Court remanded the case to Defendant to provide a full and fair review of Plaintiff's claim. (*Id.*)

Having prevailed on the motion for summary judgment, Plaintiff brought a motion seeking costs and attorneys' fees on July 30, 2014. (Dkt. 31). Plaintiff requests costs of $1,137.35 as well as attorneys' fees for the work of three attorneys and one paralegal. (*Id.*) Plaintiff seeks fees for the work of Attorney Jenna Townsend, who spent 48 hours on the case. (*Id.* at p. 17). Townsend had less than one year of experience during the majority of the time she worked on the case. (*Id.* at p. 12). Plaintiff also requests fees for Attorney Don Gasiorek, an attorney with over 35 years of experience. (*Id.* at p. 13). Gasiorek spent 3.5 hours on the case. Further, Plaintiff requests fees for Attorney Christopher Hoggs, a seventh-year associate, who worked .9 hours on the case. (*Id.* p. 14-17). Finally, Plaintiff requests fees for Paralegal Patricia Kral, who spent 1.25 hours on the case. (*Id.*)

On August 8, 2014, Defendant brought a motion for relief from order under Federal Rule of Civil Procedure 60(b)(1) alleging that this Court made a mistake of law in denying the motion for summary judgment that entitles it to relief from the order. (Dkt. 33). This Court took both motions under advisement on August 8, 2014.

## II. ANALYSIS

Before addressing Plaintiff's motion for attorneys' fees, the Court must first decide whether Defendant's motion for relief from the Court's denial of the motion for summary judgment is well taken.

### A. Defendant's Motion for Relief from Order

#### 1. Standard of Review

Under Federal Rule of Civil Procedure 60(b)(1), a court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." A 60(b)(1) motion provides relief in two instances, "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

To entitle a party to relief from an order under Rule 60(b)(1), a substantive mistake of law "must involve a fundamental misconception of law or a conflict with a clear statutory mandate." *Allison v. Martin*, No. 08-15093-BC, 2012 WL 222924, at *1 (E.D. Mich. Jan. 25, 2012).

#### 2. Discussion

##### a. *Defendant Has Not Shown Any Mistake of Law.*

Defendant alleges that this Court committed a substantive mistake of law by concluding that Defendant had a conflict of interest as the funder and administrator of the Plan at issue. According to Defendant, the Sixth Circuit's holding in *Klein v. Cent. States, Se. & Sw. Areas Health & Welfare Plan*, 346 F. App'x 1 (6th Cir. 2009)

4

forecloses this Court's conclusion.  In *Klein*, the Sixth Circuit held that a board of

trustees of an ERISA-governed fund did not have a conflict of interest because of its

structure as a multi-employer benefit fund with an equal number of union and

management representatives operating without a profit motive.  *Id.* at 5.

Defendant argues that the same result should be reached in this case because it is

also a multi-employer benefit plan comprised of an equal number of employer and

union representatives.  Defendant alleges that this Court committed a substantive

mistake of law in concluding that there was a conflict of interest here.

This argument is not well-taken.  As Defendant acknowledges, *Klein*, an

unpublished opinion, is persuasive but not binding on this Court.  *See Salamalekis*

*v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000) (noting that an

unpublished Sixth Circuit opinion is not binding precedent).  Hence, this Court did

not contravene controlling Sixth Circuit precedent in holding that Defendant had a

conflict of interest in administering Plaintiff's claim.

Indeed, while some district courts in this Circuit have followed *Klein's*

holding that multi-employer plans cannot have a conflict of interest, *see Wildeboer*

*v. Sheet Metal Workers' Nat. Pension Fund*, No. 09-39-DLB, 2010 WL 821122, at *5

(E.D. Ky. Mar. 5, 2010) (citing *Klein* in holding that a multi-employer board had no

conflict of interest), this position is not uniform.  *See Lee v. Sheet Metal Workers'*

*Nat. Pension Fund*, 760 F. Supp. 2d 711, 718 (E.D. Mich. 2010) (citing *Klein* and

*Wildeboer*, but nevertheless holding that there may be a conflict of interest in multi-

employer pension funds despite equal representation from labor and management).

Because *Klein* is an unpublished, non-binding opinion and district courts in this Circuit disagree about its precedential value, this Court cannot conclude that it committed a mistake of law in holding that Defendant operated under a conflict of interest.

b.   *The Alleged Error Is Not Substantive.*

Moreover, even if the Court did commit a mistake of law, the mistake was not a fundamental misconception of law or a conflict with a clear statutory mandate. Thus, this mistake does not qualify as a substantive mistake of law so as to merit relief under Rule 60(b)(1).

The mistake would not be substantive because the conflict of interest did not drive the Court's holding that Defendant abused its discretion in denying Plaintiff's appeal.  Instead, the Court's holding centered on the actions of the Plan Administrator in "summarizing some of the evidence to the Board, while failing to account for Plaintiff's contrary evidence." (Dkt. 29, at p. 8).  These were the actions that the Court found "not consistent with a disinterested, objective, and impartial administration of the claim." (*Id.*)

Further, the Court explicitly limited the importance of the conflict of interest. After stating that it gave "some weight" to Defendant's conflict of interest, the Court emphasized that "[t]his factor alone is not determinative[.]" (*Id.*)

In light of the foregoing discussion, the Court finds that it did not commit a substantive mistake of law that would merit granting Defendant relief from this

Court's prior order.  For these reasons, Defendant's motion for relief from order is **DENIED**.

### B.  Plaintiff's Motion for Attorneys' Fees

Having denied Defendant's motion for relief from order, the Court must now address whether Plaintiff is entitled to attorneys' fees.  The general American rule is that each party pays their own legal fees whether they win or lose.  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010).  However, this rule is displaced where a statute permits fee shifting.  *Id.*

ERISA displaces the general American rule by allowing beneficiaries to recover attorney's fees.  29 U.S.C. § 1132(g)(1) provides that:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

The Supreme Court has clarified that for a claimant to obtain an award of fees under § 1132(g)(1), the claimant must achieve "some degree of success on the merits." *Hardt*, 560 U.S. at 245.  Obtaining a remand for more process qualifies as obtaining some degree of success on the merits.  *See McKay v. Reliance Standard Life Ins. Co.*, 428 Fed. App'x 537, 546 (6th Cir. 2011).  Here, attorneys' fees are available because Plaintiff achieved some degree of success on the merits when he obtained a remand for additional process after this Court concluded that Defendant had abused its discretion in denying Plaintiff's appeal.  (Dkt. 29).

7

Where attorneys' fees are available, the Sixth Circuit has provided district

courts with five factors to consider in deciding whether to award attorneys' fees,

known as the "*King* Factors."  Under the *King* factors a district court is to consider:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's
> fees;
> (3) the deterrent effect of an award on other persons under
> similar circumstances;
> (4) whether the party requesting fees sought to confer a common
> benefit on all participants and beneficiaries of an ERISA plan or
> resolve significant legal questions regarding ERISA; and
> (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).  There is no

presumption in favor of awarding fees.  *Moon v. Unum Provident Corp.*, 461 F.3d

639, 643 (6th Cir. 2006).  Moreover, "no single factor is determinative, and thus, the

district court must consider each factor before exercising its discretion."  *Id.* at 642-

43.

**1.  The Degree of the Opposing Party's Culpability or Bad Faith**

The first factor considers the degree of an opposing party's culpability or bad

faith.  Bad faith is not required to find a party culpable.  *Elliot v. Metropolitan Life

Ins. Co.*, No. 04-174-DLB, 2007 WL 1558519 at *3 (E.D. Ky. May 29, 2007).

Moreover, courts can support a finding of culpability based solely on the evidence

that supported an arbitrary and capricious determination.  *Gaeth v. Hartford Life

Ins. Co.*, 538 F.3d 524, 530 (6th Cir. 2008).

Courts find culpability where a party denies a claim based on a defective

process.  In *Gaeth*, the Sixth Circuit held that the defendant was culpable for

8

terminating the plaintiff's disability benefits without reviewing any medical evidence that showed that the plaintiff was no longer disabled. *Id.* at 530-31. Other examples include failing to review evidence in the administrative record or not rebutting or addressing contrary evidence. *See Moon*, 461 F.3d at 644 (holding defendant culpable where it denied the plaintiff's claim based solely on a doctor in the defendant's employ who ignored substantial evidence in the administrative record); *see also Elliot*, No. 04-174-DLB, 2007 WL 1558519 at *3 (finding culpability where the defendant denied the plaintiff's claim without accounting for or rebutting the plaintiff's contrary evidence).

Here, Defendant's actions as described in the Court's Order, (Dkt. 29), provide sufficient grounds to weigh the culpability factor in favor of an award of fees. Prior to the appeal, the Plan Administrator affirmatively presented his case to Defendant Trustees and selectively summarized the evidence. This presentation failed to rebut Plaintiff's contrary evidence or to even acknowledge it, but rather simply assumed that the Plan's contribution records were correct. Moreover, the decision to deny Plaintiff's claim was based on this flawed presentation of the case. The first factor therefore weighs in favor of awarding attorneys' fees

### 2. The Party's Ability to Satisfy an Award of Attorneys' Fees

This factor addresses whether a party has the ability to satisfy an award of attorneys' fees. *See Gaeth*, 538 F.3d at 531 (finding that Hartford Insurance could satisfy an award of attorneys' fees). Though, as Defendant notes, an award of fees reduces the amount of funds a trust has available to pay other claimants, this is not

the inquiry at issue in this factor.  Defendant, a large trust fund, has the ability to pay an award of fees, and the amount of fees is not exorbitant.  Hence, this factor weighs in favor of awarding fees.

### 3. The Deterrent Effect of an Award on Other Persons under Similar Circumstances

This factor looks beyond the particular party in the case and instead centers on whether an award of fees would have a "deterrent effect on other plan administrators." *Id.* at 532.  The deterrent effect is greater where a party engages in bad faith. *Elliot*, No. 04-174-DLB, 2007 WL 1558519 at *3.  However, bad faith is not needed to find a deterrent effect from an award of fees.  *See id.* (finding a deterrent effect where award would encourage companies to look closer at their processes for denying claims).

Defendant argues that there would be no deterrent effect here because it did not act in bad faith.  Further, Defendant denies any fault in its denial of Plaintiff's claim.  Though Defendant's actions did not rise to bad faith, an award of fees would provide a deterrent effect here.  An award of fees will encourage claim adjudicators to present thorough and balanced facts to their boards, to review and rebut contrary evidence presented to them, and will deter them from selectively reviewing and presenting the evidence.  As such, this factor weighs in favor of awarding attorneys' fees.

### 4. Whether a Common Benefit Would be Conferred or Significant Legal Issues Resolved

Plaintiff is seeking attorneys' fees for himself, not to confer a common benefit on other plan participants.  Thus, this factor does not weigh in favor of granting attorneys' fees.

### 5. The Relative Merits of the Parties Position

Defendant concedes that Plaintiff's position has more merit.  Defendant's sole argument is that it is entitled to relief from order.  Because Defendant's motion for relief from order has been denied, this factor weighs in favor of awarding attorneys' fees.

After reviewing all five *King* factors, the Court finds it appropriate to exercise its discretion and award Plaintiff costs and attorneys' fees.  Thus, Plaintiff's motion for attorneys' fees will be **GRANTED**.

## C. Plaintiff's Motion for Attorneys' Fees

Pursuant to § 1132(g)(1) of ERISA, this Court grants the following costs and attorneys' fees:

### 1. Costs

Plaintiff requests $1,137.35 in costs for pursuing this action.  Plaintiff's costs include the costs of filing the complaint, two depositions, mileage and postage and photocopies.  (Dkt. 31, Ex. 10, "Plaintiff's Exhibit 9").  The Court finds these costs reasonable and grants Plaintiff $1,137.35 in costs.

### 2. Attorneys' Fees

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). The lodestar method is the proper approach for determining reasonable attorneys' fees. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar method consists of two steps. The first step involves calculating the lodestar by "multiplying the hours spent on a case by a reasonable rate of hourly compensation for each attorney involved." *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 746 (E.D. Mich. 2014) (internal citation omitted). In the second step, the court may adjust the lodestar to account for relevant considerations of the specific case at bar. *Id.*

The reasonable rate of hourly compensation is calculated using the "prevailing market rates in the relevant community." *Id.* (internal citations and quotations omitted). This is the rate at which "lawyers of comparable skill and experience can expect to command within the venue of the court of record." *Id.* (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). This rate is "not necessarily the exact value sought by a particular firm…" *Id.* Further, courts can rely on state bar surveys to "provide evidence of a market rate..." *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008).

12

This Court will thus calculate the reasonable hourly rate of the attorneys and paralegal using the 2014 State Bar of Michigan Economics of Law Practice Report, ("The Report"), at the 50th percentile, as a guide.  Compensating the attorneys at this rate complies with the purpose of § 1132(g)(1) yet avoids providing a windfall to the attorneys.[2]

Here, Attorney Townsend had less than a year of experience when she performed the bulk of the work on this case.  According to the Reports, at the 50th percentile, the average hourly rate for an associate with less than one year of experience is $172.  (Dkt. 31, Ex. 7, "Plaintiff's Exhibit 6").  The Court finds this to be a reasonable hourly rate.  Considering that Townsend spent 48 hours on this case, Plaintiff is awarded attorneys' fees of $8,256 for Townsend's work.  For Attorney Gasiorek, at the 50th percentile, the average hourly rate for an attorney with over 35 years of experience is $285.  *Id.*  Since Gasiorek spent 3.5 hours on this case, Plaintiff is awarded attorneys' fees of $998 for Gasiorek's work.  For Attorney Hogg, at the 50th percentile, the hourly rate for an attorney with six to ten years of experience is $236.  *Id.*  Considering that he spent .9 hours on this case, Plaintiff is awarded fees of $212 for Hogg's work.  As for paralegal Patricia Kral, the Court finds that a reasonable hourly rate is $90 an hour, the rate Plaintiff's counsel charged Plaintiff for her services.  (Dkt. 31, p. 17).  Since Kral spent 1.25 hours on

---

[2] The Court recognizes that Plaintiff was charged on an hourly fee basis, at an allegedly "discounted" rate of $120 per hour.  While Defendant argues that this rate should be used to calculate the fee award, the Court will follow the lodestar to calculate reasonable attorneys' fees as this is the approved method.  The Court applies the 50th percentile rate in consideration of the fact that counsel for Plaintiff incurred less risk by accepting a $120 discounted rate than if counsel had accepted the case on a contingent fee arrangement.

the case, Plaintiff is awarded fees of $113 for Kral's work.  In sum, Plaintiff is awarded attorneys' fees of $9,579.

This Court finds that an award of $9,579 is reasonable given the attorneys' work in the case and that the circumstances of the case do not warrant either an upward or downward adjustment.  Lastly, the Court declines to exercise its discretion to award Plaintiff attorneys' fees for preparing this motion for attorneys' fees or for responding to Defendant's motion for relief from order because it finds no evidence that Defendant filed its motion for relief from order in bad faith or any other reason to justify these fees.

## IV.    CONCLUSION

Thus, for the reasons stated above, this Court **DENIES** Defendant's motion for relief from order, (Dkt. 33), and **GRANTS** Plaintiff's motion for attorneys' fees, (Dkt. 31).  Plaintiff is awarded costs of $1,137.35 and attorneys' fees of $9,579.

**SO ORDERED.**

Dated:  January 20, 2015                      s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on January 20, 2015, using the CM/ECF system, which will send notification to all parties.

                                              s/A. Chubb
                                              Case Manager

14